# Water Supply Commission.

*Water Supply Commission—Change of name—Water and Power Resources Board—Administrative Code of June 7, 1923.*

The "Water Supply Commission" was not abolished by the Administrative Code of June 7, 1923, P. L. 498, but was continued under the name of "Water and Power Resources Board" in the "Department of Forests and Waters."

Department of Justice. Opinion to Major R. Y. Stuart, Secretary of Forests and Waters.

SCHNADER, Dep. Att'y-Gen., Nov. 7, 1923.—We are in receipt of your letter of Oct. 13th, enclosing a copy of a letter which you received from the Auditor General declining to approve a requisition drawn against the appropriation made by Act No. 42-A of the 1923 Session to the Water Supply Commission for work on the Matamoras project. As we understand it, the Auditor General has taken the position that the Administrative Code of 1923 abolished the Water Supply Commission, and that, by reason of this fact, the appropriation contained in Act No. 42-A lapsed.

The Administrative Code did not abolish the Water Supply Commission. All of the departments, boards, commissions and agencies which that act abolished are specifically listed in section 2 thereof. The Water Supply Commission is not named in that section. On the contrary, by reference to sec-

tion 202 of the Code, it appears that the legislature treated the Water Supply Commission as an existing body which was to be continued under a new name. Section 202 provides that:

"The following . . . commissions . . . are hereby placed and made departmental administrative . . . commissions . . . in the respective administrative departments mentioned in the preceding section as follows: . . .

"In the Department of Forests and Waters: Water Supply Commission of Pennsylvania, hereafter to be known as Water and Power Resources Board."

Section 425 of the Code provides for the reorganization of the Water and Power Resources Board. After designating the persons who shall be members thereof, and providing for the compensation of one of the members, this section provides: "The terms of the present members of the Water Supply Commission of Pennsylvania shall expire upon the date when this act becomes effective."

In passing, it may be remarked that if the Water Supply Commission had been abolished by the Code, the above sentence would have been unnecessary.

Section 1608 of the Code provides that:

"The Water and Power Resources Board shall have the power and its duty shall be: *"(a)* Subject to any inconsistent provisions in this act contained, to continue to exercise the powers and perform the duties by law vested in and imposed upon the Water Supply Commission of Pennsylvania," with regard to eight enumerated classes of business which, under existing law, had been charged to the Water Supply Commission of Pennsylvania.

Section 2802 provides that: "The provisions of this act, so far as they are the same as those of existing laws, shall be construed as a continuation of such laws and not as new enactments."

Section 2807 of the Code provides, *inter alia*, that: "Unless expressly otherwise provided in this act, the appointive members of departmental administrative . . . commissions . . . which are not abolished by this act shall continue in office until the term for which they are respectfully appointed shall expire, or until they shall die, resign or be removed from office."

Section 2901 of the Code (at page 156 of the Advance Sheets of the Pamphlet Laws) repeals section 1 of the Act of May 4, 1905, P. L. 384, which section created the Water Supply Commission of Pennsylvania.

Act No. 42-A of the 1923 Session appropriated $3000 to the Water Supply Commission of Pennsylvania to be used to pay the cost of work on the Matamoras project. This act was approved on June 14, 1923, the day before the Administrative Code became effective.

The Auditor General's assertion that the Water Supply Commission was abolished by the Administrative Code is based exclusively upon the fact that section 1 of the Act of 1905 is repealed. Whether or not the repeal of this section resulted in abolishing the Water Supply Commission depends entirely upon the intention of the legislature as expressed in the entire Administrative Code, of which the repealer is but one section. Except for the words "there is hereby created the Water Supply Commission of Pennsylvania," everything contained in section 1 of the Act of 1905 is clearly supplied by or inconsistent with the provisions of the Administrative Code. It was entirely appropriate, therefore, that the supplied or inconsistent provisions of the Act of 1905 should be repealed.

The only remaining question is whether, by repealing the words quoted, notwithstanding any other provisions in the Administrative Code, the Code must be interpreted as having abolished the Water Supply Commission. The answer to this question is clearly in the negative.

4 D. & C.

The Water Supply Commission was on June 7, 1923, when the Administrative Code was approved, an existing agency of the State government. It is referred to in section 202 of the Code as such. It was placed for purposes of fiscal control within the Department of Forests and Waters. Its name was changed. Its membership was modified and the terms of the appointive members of the commission in office when the Code was passed were expressly terminated as of that date. The legislature directed that the commission, under its new name, should "continue" to perform certain functions theretofore performed by it.

These provisions of the Code clearly treat the Water Supply Commission as an agency which is to be continued and not abolished. The only purpose which is indicated by the repeal of the words "there is hereby created the Water Supply Commission of Pennsylvania" is to eliminate from the statute books an unnecessary provision—unnecessary because completely supplied by the provisions of the Code to which reference has just been made and which are quoted earlier in this opinion.

The appropriation to the Water Supply Commission for the Matamoras project was made after the Code was passed, but before it became effective. Two acts of the same legislature dealing with the same subject must be given effect, if at all possible. If there were any real doubt as to the question whether the Water Supply Commission was abolished or continued, the fact that, after the passage of the Code, an appropriation to the Water Supply Commission was made would resolve such doubt against the view that the commission was abolished.

You are accordingly advised that the appropriation contained in Act No. 42-A is available to the Water Supply Commission under its new name, to wit, Water and Power Resources Board.

From C. P. Addams, Harrisburg, Pa.